IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **JESSIE L. BRYANT** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 2:21-cv-75-HSO-BWR** |
| | § | |
| **BOGALUSA BAYOU RAILROAD** | § | |
| **LLC/WATCO** | § | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFF JESSIE L. BRYANT LEAVE TO FILE A SUR-REPLY

BEFORE THE COURT is Defendants Bogalusa Bayou Railroad LLC and Watco Companies' Motion [15] for Summary Judgment, which is fully briefed. However, Defendants have raised for the first time in their Reply [21] an argument that Plaintiff Jessie L. Bryant's Title VII wage discrimination claim is untimely. Reply [21] at 2, 3; *see also* 42 U.S.C. § 2000e-5(e)(1).

Ordinarily, the Court need not consider arguments raised for the first time in a reply brief, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."), because doing so risks prejudicing the non-moving party, *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("In the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response.").

To alleviate this fairness concern, courts "may grant leave to file a sur-reply in order to afford the nonmovant an opportunity to respond." *Zurich American Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 696 (N.D. Tex. 2016); *see also Mission*

*Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (explaining that granting leave to file a sur-reply "is a viable alternative to the general practice to summarily deny or exclude all arguments and issues first raised in reply briefs.") (quotation omitted); *Thompson v. Dallas City Att'y's Off.*, 913 F.3d 464, 471 (5th Cir. 2019) ("A district court does not abuse its discretion when it considers an argument raised for the first time in a reply brief so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.") (quotation omitted).

Accordingly, because Defendants raise this new argument in their Reply [21], the Court will grant Bryant leave to file a sur-reply, on or before **August 19, 2022**, addressing the sole question of whether his Title VII wage discrimination claim is timely under 42 U.S.C. § 2000e-5(e)(1). The Court cautions Bryant that it will only consider arguments and evidence related to the timeliness of his Title VII wage discrimination claim, as summary judgment briefing is closed on all other issues.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jessie L. Bryant is granted leave to file a sur-reply limited solely to the issue of the timeliness of his Title VII wage discrimination claim on or before **August 19, 2022**.

**SO ORDERED AND ADJUDGED**, this the 12th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE